[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal by Todd Hillabrand, ("Appellant"), from a judgment of the Court of Common Pleas of Marion County granting attorney fees to Drypers Corporation ("Drypers").
The relevant procedural facts underlying this appeal are as follows. Hillabrand filed a tort action against Drypers on May 30, 1997. On July 24, 1997, Drypers served Hillabrand Interrogatories and Request for Production of Documents. Pursuant to Civ.R. 33(A), discovery was due before the end of August, 1997. When Hillabrand did not file a timely response, Drypers made repeated informal requests for compliance. Finally, on February 13, 1998, Hillabrand served Drypers with answers to the interrogatories and documents requests. Finding the answers grossly inadequate, Drypers filed a motion to compel on February 17, 1998.
On February 18, 1998, the trial court granted the motion to compel, ordering Hillabrand to comply with the discovery requests on or before March 3, 1998. On March 10, 1998, after Hillabrand still had not responded, Drypers filed a motion for sanctions, requesting Hillabrand's case be dismissed with prejudice and seeking attorney fees. The trial court granted a final judgment of dismissal with prejudice on March 12, 1998 and allowed Drypers ten days to request a hearing on the issue of attorney fees. Drypers made a timely request and a hearing was held on April 17, 1998. On April 21, 1998, the trial court awarded Drypers $655.50 in attorney fees. Appellant now appeals this decision.
Appellant asserts three assignments of error for our consideration:
I.
 Under Ohio law, the trial court erred and abused its discretion when it denied Appellant's motion for relief from judgment of dismissal for failure to comply with the trial court's discovery order.
II.
 Under Ohio law, the trial court erred and abused its discretion when it did not hold an evidentiary hearing on Appellant's motion for relief from judgment.
III.
 Under Ohio law, the trial court erred and abused its discretion when it sanctioned Appellant with attorneys' fees because it violated the plain meaning of Ohio Civ.R. 37(A)(4) and Appellant's corresponding due process rights.
Appellant's first and second assignments of error challenge the trial court's ruling on Plaintiff's Motion For Reconsideration Of Judgment or Alternatively, Relief From Judgment Under Civil Rule 60(B) With Request For Oral Hearing filed by Appellant on March 26, 1998. The trial court denied the motion on April 7, 1998. However, the record reveals that Appellant has not appealed this judgment entry. Consequently, we cannot address any alleged errors relating to that decision.
Appellant's third assignment of error raises an error relevant to the entry granting attorney fees. He contends that the trial court erred in awarding attorney fees to Drypers since Appellant was not given the opportunity to respond to Drypers' motion to compel before the trial court granted the motion and ordered Appellant to comply with discovery rules. Appellant contends that Civ.R. 37(A)(4)[1] allows for the recovery of attorney fees only after the court has considered the non-moving party's opposition to the motion to compel. Since Appellant was not given the opportunity to voice his opposition, he claims Civ.R. 37(A)(4) was violated and he was denied due process.
In our consideration of Appellant's direct appeal, this court has previously found that Appellant was not denied due process in responding to the motion to compel discovery. Hillabrand v.Drypers Corp. (Oct. 1, 1998), Marion App. No. 9-98-18, unreported. Appellant was given thirteen days in which to either comply with discovery rules or present the court with some justification for its delay. Appellant failed to issue any response in the time afforded by the trial court. Because this issue of due process was raised on direct appeal from the judgment of dismissal, resjudicata bars further consideration of this claim. Furthermore, we find the trial court complied with Civ.R. 37(A) when awarding attorney fees in this case. Appellant's third assignment of error is overruled.
Judgment affirmed.
 SHAW, P. J., concurs.
BRYANT, J., concurs in judgment only.
[1] Civ.R. 37(A)(4) states:
 Award of expenses of motion. If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent who opposed the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.